

# Your Missouri Courts

ase.net

Search for Cases by: [Select Search Method...    ▼]

Judicial Links    |    eFiling    |    Help    |    Contact Us    |    Print          GrantedPublicAccess  Logoff JONATHANPOTTS

### 17L6-AC00978 - CASSANDRA TURNBULL V NCB MANAGEMENT ET AL (E-CASE)

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

This information is provided as a service and is not considered an official court record.

**Click here to eFile on Case**
**Click here to Respond to Selected Documents**

Sort Date Entries: ● Descending    Display Options:
                    ○ Ascending                         [All Entries    ▼]

---

**11/28/2017**    **Summons Issued-Associate**
                  Document ID: 17-ASOS-9, for SYNOVUS BANK.

                  **Summons Issued-Associate**
                  Document ID: 17-ASOS-8, for NCB MANAGEMENT.

                  **Summons Issued-Associate**
                  Document ID: 17-SMOS-89, for NCB MANAGEMENT.

**11/20/2017**    **Order - Special Process Server**
                  FOR SERVICE TO NCB MANAGEMENT SERVICES, INC

                  **Order - Special Process Server**
                  FOR SERVICE TO SYNOVUS BANK

**11/13/2017**    **Return Scheduled**
                  Scheduled For: 01/09/2018;  9:00 AM ;  GREGORY K. ALLSBERRY;  LINCOLN COUNTY

**11/10/2017**    **Filing Info Sheet eFiling**
                  Filed By: DOMINIC MCDARBY PONTELLO

                  **Motion Special Process Server**
                  MOTION FOR SPECIAL PROCESS SERVER.
                      Filed By: DOMINIC MCDARBY PONTELLO
                      On Behalf Of: CASSANDRA TURNBULL

                  **Motion Special Process Server**
                  MOTION FOR SPECIAL PROCESS SERVER.
                      Filed By: DOMINIC MCDARBY PONTELLO

                  **Pet Filed in Associate Ct**
                  PETITION.

                  **Judge Assigned**

---

Case.net Version 5.13.17.5                    Return to Top of Page                    Released 12/12/2017

IN THE CIRCUIT COURT OF LINCOLN COUNTY
STATE OF MISSOURI
ASSOCIATE DIVISION

| | |
|---|---|
| CASSANDRA TURNBULL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Cause No. |
| v. | ) |
| | ) Division |
| NCB MANAGEMENT SERVICES, INC. | ) |
| | ) |
| Serve at: | ) |
| NCB MANAGEMENT SERVICES, INC | ) |
| 1 ALLIED DRIVE | ) |
| TREVOSE, PA 19053 | ) |
| | ) |
| and, | ) |
| | ) |
| SYNOVUS BANK | ) |
| | ) |
| Serve at: | ) |
| DEACON SERVICE, LLC | ) |
| 1111 BAY AVENUE, SUITE 350 | ) |
| MUSCOGEE, COLUMBUS, GA 31901 | ) |
| | ) |
| Defendants. | )   **JURY TRIAL DEMANDED** |

## PETITION

COMES NOW, Plaintiff, Cassandra Turnbull, and for her Petition states as follows:

## INTRODUCTION

1.      This is an action for statutory and actual damages brought by an individual consumer for violations of the Telephone Consumer Protection Act of 1991("TCPA"), 47 USC 227 *et. Seq.*

2.      This is an action for statutory and actual damages brought by an individual consumer for violations of the Fair Debt Collections Practices Act, 15 USC 1692 *et. Seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair

ectronically Filed - LINCOLN COUNTY - November 10, 2017 - 04:58 PM

practices.

3.      This is an action for actual and punitive damages brought by an individual consumer for invasion of privacy.

4.      Plaintiff demands a trial by jury on all issues so triable.

## JURISDICTION

5.      This Court has jurisdiction of the TCPA claim under 47 U.S.C. § 227 (3)(b). Venue is appropriate in this Court because Defendants placed prohibited telephone calls to Plaintiff at Plaintiff's phone located in Lincoln County, Missouri.

6.      This Court has jurisdiction of the FDCPA claim under 15 USC § 1692k (d) because the Defendants' illicit collection activity was directed at Plaintiff in Lincoln County, Missouri.

7.      This Court has jurisdiction of the state law claim of invasion of privacy pursuant to 28 U.S.C. § 1367 because the conduct giving rise to the claim occurred in Lincoln County, Missouri.

## PARTIES

8.      Plaintiff is a natural person currently residing in Lincoln County, Missouri.

9.      Defendant NCB Management Services, Inc. ("NCB") is a foreign corporation whose primary corporate address is 1 Allied Drive, Trevose, PA 19053.   Defendant is a corporation and a "person" as defined by 47 U.S.C. § 153(10). The principal business purpose of Defendant is the collection of debts in Missouri and nationwide, and Defendant regularly attempts to collect debts alleged to be due another.

10.     Defendant Synovus Bank ("Synovus") is a foreign corporation whose primary corporate address is 1111 Bay Avenue, Suite 500, Columbus, GA 61901.   Defendant is a

actronically Filed - LINCOLN COUNTY - November 10, 2017 - 04:58 PM

corporation and a "person" as defined by 47 U.S.C. § 153(10).

### *Telephone Consumer Protection Act*

11.    At all times relevant to this complaint, the Plaintiff was and is a "person" as defined by the TCPA 47 U.S.C. § 153(39).

12.    At all times relevant to this complaint, Defendants have owned, operated, and or controlled "customer premises equipment" as defined by the TCPA 47 U.S.C. § 153(16) that originated, routed, and/or terminated telecommunications.

13.    Defendants at all times relevant to the complaint herein engage in "telecommunications" as defined by the TCPA 47 U.S.C. § 153(50).

14.    Defendants at all times relevant to the complaint herein engage in "interstate communications" as defined by the TCPA 47 U.S.C. § 153(28).

15.    At all times relevant to this complaint, Defendants have used, controlled, and/or operated "wire communications" as defined by the TCPA 47 U.S.C. § 153(59), that existed as instrumentalities of interstate and intrastate commerce.

16.    At all times relevant to this complaint, Defendants have used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(2).

### *Fair Debt Collection Practices Act*

17.    Plaintiff is a "consumer" within the meaning of the FDCPA. The alleged debt Plaintiff owes arises out of consumer, family, and household transactions.

18.    Specifically, Plaintiff believes the alleged debt arose from medical services with Mercy Hospital.

19.    Defendant NCB is engaged in the collection of debts from consumers using the

ectronically Filed - LINCOLN COUNTY - November 10, 2017 - 04:58 PM

mail and telephone.  Defendant NCB is a "debt collector" as defined by the FDCPA. 15 U.S.C. §1692a (6).

### *Invasion of Privacy*

20.     Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the FDCPA, when it states as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**
> 15 U.S.C. § 1692(a) (emphasis added).

21.     The Federal Communications Commission recognized the costs and damage to a consumer's right to privacy that robo calls created:

> Noting that Congress found that automated or prerecorded telephone calls were a greater nuisance and invasion of privacy than live solicitation calls, and that such calls can be costly and inconvenient, the Commission determined that the TCPA and its rules prohibit such calls to wireless numbers. The Commission also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

*In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd 559, ¶7 (Jan. 4, 2008).

### FACTS

22.     Within four years immediately preceding the filing of this lawsuit, Defendants telephoned the Plaintiff's cellular phone using an automatic telephone dialing system on numerous occasions and left artificial or pre-recorded messages on the Plaintiff's answering service in violation of the TCPA and FDCPA.

23.     On or about May 16, 2017, World's Foremost Bank began attempts to collect an alleged debt of $2,132.64 from Plaintiff, by making numerous unsolicited and unauthorized

actronically Filed - LINCOLN COUNTY - November 10, 2017 - 04:58 PM

phone calls to Plaintiff's cellular phone number (636) 290-8206, using an automatic telephone dialing system and pre-recorded messages.

24.     On May 18, 2017, World's Foremost Bank called Plaintiff, and during such phone call, Plaintiff explicitly revoked any permission or consent World's Foremost Bank may have ever had to call her cellular telephone number (636) 290-8206, and instructed World's Foremost Bank to never call her cellular telephone ever again.

25.     On September 25, 2017, World's Foremost Bank was acquired by Defendant Synovus Bank.

26.     Missouri Revised Statutes § 351.450(1)-(5) grants a successor corporation all the rights and immunities of the acquired corporation, and also holds the successor corporation responsible and liable for all the liabilities and obligations of the acquired corporation.

27.     On or about June 15, 2017, Defendant NCB began attempts to collect an alleged debt of $2,132.64 from Plaintiff, allegedly stemming from World's Foremost Bank, NA, by making numerous unsolicited and unauthorized phone calls to Plaintiff's cellular phone number (636) 290-8206, using an automatic telephone dialing system and pre-recorded messages.

28.     Plaintiff never gave her express written consent to be called on her cellular telephone by automatic dialed telephone calls or prerecorded messages. In its attempt to collect this debt, Defendants made numerous unsolicited and unauthorized phone calls to Plaintiff's cellular phone number, (636) 290-8206.

29.     Plaintiff never provided her cell phone number, (636) 290-8206 to Defendants, and Plaintiff never gave her express written consent to be called on her cellular telephone by automatic dialed telephone calls or prerecorded messages.

30.     Plaintiff never signed any writing containing a clear and conspicuous disclosure,

ectronically Filed - LINCOLN COUNTY - November 10, 2017 - 04:58 PM

as required under 47 C.F.R. § 64.1200(f)(8)(i), informing the Plaintiff that by executing an agreement, Plaintiff consents to receive phone calls delivered using an automatic telephone dialing system or an artificial or prerecorded voice.

31.     Defendant Synovus' phone calls came from its number 877-338-6191.

32.     Defendant NCB's phone calls came from its number 855-819-8109.

33.     Defendants know the TCPA's prohibitions against using an autodialer and pre-recorded messages to call cell phones, and have continued to make unauthorized and prohibited phone calls despite this knowledge.

34.     On June 28, 2017, Defendant NCB called Plaintiff, and during such phone call, Plaintiff explicitly revoked any permission or consent Defendant NCB may have ever had to call her cellular telephone number (636) 290-8206, and instructed Defendant NCB to never call her cellular telephone ever again.

## *Violations of the TCPA*

35.     Defendants never obtained express written consent from Plaintiff, pursuant to 47 U.S.C. § 227 (b)(1)(A), to place telephone calls to Plaintiff's cellular phone using an automatic telephone dialing system or to send pre-recorded messages to Plaintiff's cellular phone, (636) 290-8206.

36.     Plaintiff received numerous such illicit non-emergency pre-recorded and/or synthesized phone calls or voice messages from Defendants' automatic telephone dialing system, and she was charged for these phone calls, in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

37.     Defendants' illicit automatic dialed calls and prerecorded messages to Plaintiff continued after Plaintiff explicitly revoked her consent to receive such calls on May 18, 2017.

38.     Defendants' phone calls for Plaintiff were placed from Defendants' automatic

ectronically Filed - LINCOLN COUNTY - November 10, 2017 - 04:58 PM

telephone dialing systems, as defined by 47 U.S.C. § 227(a)(1), from the phone numbers that are registered to the Defendants.

39.     Specifically, Defendants' dialing systems have the capacity to store, dial, and generate phone numbers such as Plaintiff's.

### Violations of the FDCPA

40.     Defendant NCB's use of a prohibited means of telecommunications violated the FDCPA, 15 U.S.C. §1692f, which prohibits the use of unfair or unconscionable means to collect or attempt to collect any debt.

41.     Defendant's collection attempts have caused Plaintiff to incur actual damages including but not limited to anxiety, sleeplessness, and worry.

### Invasion of Privacy – Intrusion Upon Seclusion

42.     Defendants intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of this Plaintiff by repeatedly and unlawfully attempting to collect a debt from Plaintiff by calling Plaintiff's cellular telephone without consent by Plaintiff, and thereby invaded Plaintiff's right to privacy.

43.     Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs.

44.     The conduct of Defendants in engaging in the above-described illegal telecommunications conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by Defendants that occurred in a way that would be highly offensive to a reasonable person in that position.

45.     As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages and punitive damages from Defendants in an amount to be determined at trial.

## COUNT I: VIOLATION OF THE TCPA – ALL DEFENDANTS

46.     Plaintiff re-alleges and incorporates by reference all prior paragraphs.

47.     Defendants have a policy, practice or procedure of placing automated and pre-recorded calls to cell phones without the prior consent of the called parties.

48.     In their attempts to collect the alleged debt from Plaintiff, Defendants have committed violations of the TCPA, 47 USC 227 et. seq., including, but not limited to, the following:

   a.     Placing non-emergency phone calls to Plaintiff's cellular phone without express authorized consent of the Plaintiff. 47 USC 227(b) (1) (A)(iii).

49.     Defendants' violations were negligent, or alternatively, they were willful or knowing, in violation of 47 U.S.C. § 312(f)(1).

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendants for:

   A. Judgment that Defendants' conduct violated the TCPA;

   B. Actual damages;

   C. Statutory damages pursuant to 47 USC (b)(3); and

   D. For such other relief as the Court may deem just and proper.

## COUNT II: VIOLATION OF THE FDCPA – DEFENDANT NCB MANAGEMENT

50.     Plaintiff re-alleges and incorporates by reference all prior paragraphs.

51.     In its attempts to collect the alleged debt from Plaintiff, Defendant NCB Management has committed violations of the FDCPA, 15 U.S.C. 1692 et. Seq., including, but not limited to, the following:

   a.     Engaging in unfair practices in an attempt to collect a debt.  15 U.S.C.

ectronically Filed - LINCOLN COUNTY - November 10, 2017 - 04:58 PM

§1692f.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant NCB Management for:

    A.    Judgment that Defendant's conduct violated the FDCPA;

    B.    Actual damages;

    C.    Release of the alleged debt;

    D.    Statutory damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. 1692(k); and

    E.    For such other relief as the Court may deem just and proper.

## COUNT III: INVASION OF PRIVACY – INTRUSION UPON SECLUSION – ALL DEFENDANTS

52.    Plaintiff re-alleges and incorporates by reference all prior paragraphs.

53.    The aforementioned intrusion upon seclusion by Defendants was highly offensive to a reasonable person.

**WHEREFORE**, Plaintiffs respectfully request that judgment be entered against Defendants for:

    A.    Actual damages;

    B.    Punitive damages;

    C.    Court costs;

    D.    For such other relief as the Court may deem just and proper.

Respectfully submitted by,

Pontello Law, LLC

/s/ Dominic M. Pontello

Dominic M. Pontello, #60947
Attorney for Plaintiff

ectronically Filed - LINCOLN COUNTY - November 10, 2017 - 04:58 PM

406 Boones Lick Rd
St. Charles, MO  63301
(636) 869-4170
(636) 246-0141 facsimile
dominic@pontellolaw.com

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that the Defendants take affirmative steps to preserve all recordings, data, databases, call records, consent to receive autodialed or prerecorded calls, emails, recordings, documents and all other tangible things that relate to the allegations herein, to the Plaintiff, or the making of telephone calls, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with Plaintiff, and any account or number or symbol relating to any of them.  These materials are very likely relevant to the litigation of this claim.  If Defendants are aware of any third party that has possession, custody, or control of any such materials, Plaintiff demands that the Defendants request that such third party also take steps to preserve the materials.  This demand shall not narrow the scope of any independent document preservation duties of the Defendants.

/s/ Dominic M. Pontello

ectronically Filed - LINCOLN COUNTY - November 10, 2017 - 04:58 PM

IN THE CIRCUIT COURT OF LINCOLN COUNTY
STATE OF MISSOURI
ASSOCIATE DIVISION

CASSANDRA TURNBULL,                    )
                                       )
            Plaintiff,                 )
                                       )          Cause No.
v.                                     )
                                       )          Division
NCB MANAGEMENT SERVICES, INC. ET AL )
                                       )
            Defendant.                 )  **JURY TRIAL DEMANDED**

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

**COMES NOW**, undersigned counsel, pursuant to Local Rules, and at his own risk

requests the appointment of the Circuit Clerk of:

**Professional Legal Services and Investigations, LLC, DAVID HORIUCHI, DON
BECKER
PO Box 8587
Columbus, GA 31908
(706) 610-0599**

Natural persons of lawful age to serve the summons and petition in this cause on the

below named parties.  This appointment as special process server does not include the

authorization to carry a concealed weapon in the performance thereof.

**SERVE AT:**
SYNOVUS BANK, C/O DEACON SERVICE, LLC R/A
1111 BAY AVENUE, SUITE 350
MUSCOGEE, COLUMBUS, GA 31901              Pontello Law, LLC
                                          ___/s/ Dominic M. Pontello___
All Risks to Plaintiff                    Dominic M. Pontello, #60947
So Appointed:                             Attorney for Plaintiff
                                          406 BOONES LICK RD
Date: _____               St. Charles, MO 63301
                                          (636) 896-4170
By: _____                 (636) 246-0141 facsimile

**17L6-AC00978**

actronically Filed - LINCOLN COUNTY - November 10, 2017 - 04:58 PM

IN THE CIRCUIT COURT OF LINCOLN COUNTY
STATE OF MISSOURI
ASSOCIATE DIVISION

| | | |
|---|---|---|
| CASSANDRA TURNBULL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Cause No. |
| v. | ) | |
| | ) | Division |
| NCB MANAGEMENT SERVICES, INC. ET AL | ) | |
| | ) | |
| Defendant. | ) | **JURY TRIAL DEMANDED** |

<u>**REQUEST FOR APPOINTMENT OF PROCESS SERVER**</u>

**COMES NOW**, undersigned counsel, pursuant to Local Rules, and at his own risk

requests the appointment of the Circuit Clerk of:

**HEAVEN SENT LEGAL, STEVE ROSNER, ANDREW PEDROZA, FRANK EVANS**
**421 N. 7 ST, STE 422**
**PHILADELPHIA, PA 19123**
**866-331-4220**

Natural persons of lawful age to serve the summons and petition in this cause on the

below named parties. This appointment as special process server does not include the

authorization to carry a concealed weapon in the performance thereof.

**SERVE AT:**
NCB MANAGEMENT SERVICES, INC
ONE ALLIED DRIVE
TREVOSE, PA 19053

All Risks to Plaintiff
So Appointed:

Date: _____

By: _____

Pontello Law, LLC
    /s/ Dominic M. Pontello
Dominic M. Pontello, #60947
Attorney for Plaintiff
406 BOONES LICK RD
St. Charles, MO  63301
(636) 896-4170
(636) 246-0141 facsimile

**17L6-AC00978**

electronically Filed - LINCOLN COUNTY - November 10, 2017 - 04:58 PM

IN THE CIRCUIT COURT OF LINCOLN COUNTY
STATE OF MISSOURI
ASSOCIATE DIVISION

| | | |
|---|---|---|
| CASSANDRA TURNBULL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Cause No. |
| v. | ) | |
| | ) | Division |
| NCB MANAGEMENT SERVICES, INC. ET AL | ) | |
| | ) | |
| Defendant. | ) | **JURY TRIAL DEMANDED** |

### REQUEST FOR APPOINTMENT OF PROCESS SERVER

**COMES NOW**, undersigned counsel, pursuant to Local Rules, and at his own risk requests the appointment of the Circuit Clerk of:

**HEAVEN SENT LEGAL, STEVE ROSNER, ANDREW PEDROZA, FRANK EVANS**
**421 N. 7 ST, STE 422**
**PHILADELPHIA, PA 19123**
**866-331-4220**

Natural persons of lawful age to serve the summons and petition in this cause on the below named parties. This appointment as special process server does not include the authorization to carry a concealed weapon in the performance thereof.

**SERVE AT:**
NCB MANAGEMENT SERVICES, INC
ONE ALLIED DRIVE
TREVOSE, PA 19053

All Risks to Plaintiff
So Appointed:

Date: **11/17/2017**

By: _Gregory K. Allsberry_

Pontello Law, LLC
/s/ Dominic M. Pontello
Dominic M. Pontello, #60947
Attorney for Plaintiff
406 BOONES LICK RD
St. Charles, MO 63301
(636) 896-4170
(636) 246-0141 facsimile

ectronically Filed - LINCOLN COUNTY - November 10, 2017 - 04:58 PM

IN THE CIRCUIT COURT OF LINCOLN COUNTY
STATE OF MISSOURI
ASSOCIATE DIVISION

| | |
|---|---|
| CASSANDRA TURNBULL, | ) |
| | ) |
| Plaintiff, | ) |
| | )   Cause No. |
| v. | ) |
| | )   Division |
| NCB MANAGEMENT SERVICES, INC. ET AL | ) |
| | ) |
| Defendant. | )  **JURY TRIAL DEMANDED** |

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

**COMES NOW**, undersigned counsel, pursuant to Local Rules, and at his own risk requests the appointment of the Circuit Clerk of:

**HEAVEN SENT LEGAL, STEVE ROSNER, ANDREW PEDROZA, FRANK EVANS
421 N. 7 ST, STE 422
PHILADELPHIA, PA 19123
866-331-4220**

Natural persons of lawful age to serve the summons and petition in this cause on the below named parties. This appointment as special process server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVE AT:
NCB MANAGEMENT SERVICES, INC
ONE ALLIED DRIVE
TREVOSE, PA 19053

All Risks to Plaintiff
So Appointed:

Date: **11/17/2017**

By: _Gregory K. Allsberry_

Pontello Law, LLC
  /s/ Dominic M. Pontello
Dominic M. Pontello, #60947
Attorney for Plaintiff
406 BOONES LICK RD
St. Charles, MO  63301
(636) 896-4170
(636) 246-0141 facsimile



## IN THE 45TH JUDICIAL CIRCUIT COURT, LINCOLN COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>GREGORY K. ALLSBERRY | Case Number:  17L6-AC00978 |
| Plaintiff/Petitioner:<br>CASSANDRA TURNBULL | Plaintiff's Petitioner's Attorney Address or<br>Pro Se's Address/Telephone Number:<br>DOMINIC MCDARBY PONTELLO<br>5988 MID RIVERS MALL DRIVE SUI<br>SAINT CHARLES, MO  63304 |
| Defendant/Respondent:<br>NCB MANAGEMENT | |
| Nature of Suit:<br>AC Other Tort | Date, Time and Location of Court Appearance:<br>**09-JAN-2018 09:00 AM**<br>**Associate Div III**<br>**LINCOLN CO. JUSTICE CENTER**<br>**45 BUSINESS PARK DRIVE**<br>**TROY, MO  63379**          (Date File Stamp) |

vs.

## Summons for Personal Service Outside the State of Missouri – Special Process Server
### (Associate Division Cases)

The State of Missouri to:  SYNOVUS BANK
       **Alias:**
C/O DEACON SERVICE, LLC R/A
1111 BAY AVENUE, SUITE 350 MUSCOGEE
COLUMBUS, GA  31901

*COURT SEAL OF*

You are summoned to appear before this Circuit Court, Associate Division on the date, time and location above, to answer the allegation in the petition filed by the above-named Plaintiff/Petitioner, a copy of which is attached.  If you fail to appear at the time and place stated in this summons, judgment by default will be taken against you for the relief demanded in the petition. If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.

    _____11/28/2017_____             _____/S/ E. BARNHILL_____
          Date                                          Clerk

*LINCOLN COUNTY*

Further Information:

### Officer's or Server's Affidavit of Service

**Note to serving officer:** Service must not be made less than ten days nor more than sixty days from the date the Defendant/Respondent is to appear in court.

I certify that:
1.  I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.  My official title is _____ of _____ County, _____ (state).
3.  I have served the above summons by:  (check one)
    ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
    ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
    _____, a person of the Defendant's/Respondent's family over the age of 15 years.
    ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
    _____ (name) _____ (title).
    ☐ other (describe) _____.

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____     _____
     Printed Name of Sheriff or Server                           Signature of Sheriff or Server

    **Subscribed and Sworn to** before me this _____ (date).
    I am: (check one)  ☐ the clerk of the court of which affiant is an officer.
                        ☐ the judge of the court of which affiant is an officer.
                        ☐ authorized to administer oaths in the state in which the affiant served the above summons.  (use
                          for out-of-state officer)
*(Seal)*                ☐ authorized to administer oaths.  (use for court-appointed server)

                                 _____
                                            Signature and Title

**Summons Fees, if applicable**

| | | |
|---|---|---|
| Summons | $ _____ | |
| Non Est | $ _____ | |
| Mileage | $ _____ | (_____ miles @ $ ._____ per mile) |
| **Total** | $ _____ | |

See the following page for directions to clerk and to officer making return on service of summons.

### Directions to Clerk

Personal service outside the State of Missouri is permitted only on the conditions set out in Rule 54. The clerk should insert in the summons the names of only the Defendant/Respondent or Defendants Respondents who are to be personally served by the officer to whom the summons is delivered. The summons should be signed by the clerk or deputy clerk under the seal of the court and a copy of the summons and a copy of the motion and/or petition for each Defendant Respondent should be mailed along with the original summons to the officer who is to make service. The copy of the summons may be a carbon or other copy and should be signed and sealed in the same manner as the original but it is unnecessary to certify that the copy is a true copy. The copy of the motion and/or petition may be a carbon or other copy and should be securely attached to the copy of the summons but need not be certified a true copy. If the Plaintiff/Petitioner has no attorney, Plaintiff's/Petitioner's address and telephone number should be stated in the appropriate field in the summons. This form is not for use in attachment actions. (See Rule 54.06, 54.07 and 54.14)

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion and/or petition must be served on each Defendant Respondent. If any Defendant/Respondent refuses to receive the copy of the summons and motion and/or petition when offered to him, the return shall be prepared to show the offer of the officer to deliver the summons and motion and/or petition and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion and/or petition to the individual personally or by leaving a copy of the summons and motion and or petition at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and motion and/or petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion and/or petition to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion and/or petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. On a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory in the United States. If served in a territory, substitute the word "territory" for the word "state."

The officer making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than sixty days from the date the Defendant/Respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri Court within 30 days after service.

 **IN THE 45TH JUDICIAL CIRCUIT COURT, LINCOLN COUNTY, MISSOURI**

| | |
|---|---|
| Judge or Division:<br>GREGORY K. ALLSBERRY | Case Number:  17L6-AC00978 |
| Plaintiff/Petitioner:<br>CASSANDRA TURNBULL<br><div align="right">vs.</div> | Plaintiff's Petitioner's Attorney Address or<br>Pro Se's Address/Telephone Number:<br>DOMINIC MCDARBY PONTELLO<br>5988 MID RIVERS MALL DRIVE SUI<br>SAINT CHARLES, MO  63304 |
| Defendant/Respondent:<br>NCB MANAGEMENT | |
| Nature of Suit:<br>AC Other Tort | Date, Time and Location of Court Appearance:<br>**09-JAN-2018 09:00 AM**<br>**Associate Div III**<br>**LINCOLN CO. JUSTICE CENTER**<br>**45 BUSINESS PARK DRIVE**<br>**TROY, MO  63379** |
| | <div align="right">(Date File Stamp)</div> |

## Summons for Personal Service Outside the State of Missouri – Special Process Server
### (Associate Division Cases)

The State of Missouri to:  NCB MANAGEMENT
<div align="right">Alias:</div>

ONE ALLIED DRIVE
TREVOSE, PA  19053

*COURT SEAL OF*

    You are summoned to appear before this Circuit Court, Associate Division on the date, time and location above, to answer the allegation in the petition filed by the above-named Plaintiff/Petitioner, a copy of which is attached.  If you fail to appear at the time and place stated in this summons, judgment by default will be taken against you for the relief demanded in the petition. If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.

| | |
|---|---|
| _____11 28/2017_____<br>Date | _____S/ E. BARNHILL_____<br>Clerk |

*LINCOLN COUNTY*

Further Information:

### Officer's or Server's Affidavit of Service

**Note to serving officer:**  Service must not be made less than ten days nor more than sixty days from the date the Defendant/Respondent is to appear in court.

I certify that:
1.   I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.   My official title is _____ of _____ County, _____ (state).
3.   I have served the above summons by:  (check one)
    ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
    ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
    _____, a person of the Defendant's/Respondent's family over the age of 15 years.
    ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
    _____ (name) _____ (title).
    ☐ other (describe) _____

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

| _____ | _____ |
|---|---|
| Printed Name of Sheriff or Server | Signature of Sheriff or Server |

    **Subscribed and Sworn to** before me this _____ (date).
I am: (check one)  ☐ the clerk of the court of which affiant is an officer.
        ☐ the judge of the court of which affiant is an officer.
        ☐ authorized to administer oaths in the state in which the affiant served the above summons.  (use for out-of-state officer)
*(Seal)*    ☐ authorized to administer oaths.  (use for court-appointed server)

<div align="center">_____<br>Signature and Title</div>

**Summons Fees, if applicable**

| | | |
|---|---|---|
| Summons | $ | _____ |
| Non Est | $ | _____ |
| Mileage | $ | _____ (_____ miles @ $ ._____ per mile) |
| Total | $ | _____ |

*See the following page for directions to clerk and to officer making return on service of summons.*

**Directions to Clerk**

Personal service outside the State of Missouri is permitted only on the conditions set out in Rule 54. The clerk should insert in the summons the names of only the Defendant/Respondent or Defendants Respondents who are to be personally served by the officer to whom the summons is delivered. The summons should be signed by the clerk or deputy clerk under the seal of the court and a copy of the summons and a copy of the motion and/or petition for each Defendant Respondent should be mailed along with the original summons to the officer who is to make service. The copy of the summons may be a carbon or other copy and should be signed and sealed in the same manner as the original but it is unnecessary to certify that the copy is a true copy. The copy of the motion and/or petition may be a carbon or other copy and should be securely attached to the copy of the summons but need not be certified a true copy. If the Plaintiff/Petitioner has no attorney, Plaintiff's/Petitioner's address and telephone number should be stated in the appropriate field in the summons. This form is not for use in attachment actions. (See Rule 54.06, 54.07 and 54.14)

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion and/or petition must be served on each Defendant Respondent. If any Defendant/Respondent refuses to receive the copy of the summons and motion and/or petition when offered to him, the return shall be prepared to show the offer of the officer to deliver the summons and motion and/or petition and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion and/or petition to the individual personally or by leaving a copy of the summons and motion and or petition at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and motion and/or petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion and/or petition to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion and/or petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. On a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory in the United States. If served in a territory, substitute the word "territory" for the word "state."

The officer making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than sixty days from the date the Defendant/Respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri Court within 30 days after service.